In the Matter of CATHERINE PRENSKY, Petitioner, *v.* ABRAHAM N. GELLER, as Justice of the Supreme Court of the State of New York, et al., Respondents.

First Department, March 23, 1965.

*Basil R. Pollitt* for petitioner.

*Joseph A. Phillips* of counsel (*Frank S. Hogan, District Attorney*), for respondents.

McNALLY, J. This is an original article 78 proceeding to annul the mandate and order dated February 23, 1965 adjudging the petitioner guilty of criminal contempt.

The second Grand Jury for the August 1964 Term, continued, is inquiring into a complaint concerning the crimes of riot and conspiracy by Milton Rosen, William Epton and others. The inquiry arises from the Harlem riots of August, 1964. Petitioner appeared before the Grand Jury on February 17, 1965. The following question was put to the petitioner: " Q. Miss Prensky, during the Harlem riots or immediately thereafter, did Milton Rosen tell you and others that he attempted to start riots in other parts of the city during the riots? " Petitioner refused to answer and asserted her privilege under the Fifth Amendment of the Constitution of the United States.

The Grand Jury voted to grant immunity to the petitioner. The Grand Jury through its foreman and the Assistant District Attorney, at the direction of the Grand Jury, so informed the petitioner before the question was put to her and her refusal to answer. On February 17, 1965 the petitioner was brought before the court and directed to respond to the question. Petitioner refused. The court held the question relevant and granted petitioner the opportunity to return to the Grand Jury room and answer the question. Petitioner again refused. Petitioner was adjudged in contempt and granted until February 23, 1965 to purge herself of the contempt.

On February 23, 1965 the court again directed the petitioner to answer the question, which she again refused to do. Thereupon the court signed the mandate.

Petitioner makes the following points:

1. The immunity granted was not as broad as the privilege against incrimination.

2. The Federal immunity statute (U. S. Code, tit. 18, § 3486) relative to Smith Act violations (U. S. Code, tit. 18, § 2385) preempts the power to grant immunity as to the matters under investigation by the Grand Jury.

Petitioner argues the immunity proffered by the Grand Jury was limited to "prosecution for any crime that your testimony discloses"; that section 2447 of the Penal Law provides: " ' Immunity ' as used in this section means that such person shall not be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which, in accordance with the order by competent authority, he gave answer or produced evidence, *and that no such answer given or produced shall be received against him upon any criminal proceeding.*" (Emphasis supplied. ) Allegedly the Grand Jury did not inform petitioner her answer would not be received against her upon any criminal proceeding.

The minutes of the proceedings before the court on February 17, 1965 show that petitioner conceded the immunity conveyed to her by the Assistant District Attorney was adequate provided it was in fact the immunity authorized by the Grand Jury. There is no question that the court properly construed the immunity afforded the petitioner to be coextensive with the scope of section 2447. It was with that understanding that the court thereafter afforded the petitioner the additional opportunity to testify. There was therefore compliance with section 2447. (See *Matter of Second Additional Grand Jury of County of Kings* [*Cioffi*], 8 N Y 2d 220, 225.) It is now clear that petitioner's testimony and the fruits thereof may not be used against her in any Federal or State prosecution. (*Murphy* v. *Waterfront Comm.*, 378 U. S. 52.) Hence, there is no tenable basis for petitioner's refusal to testify.

The Federal pre-emption argument is based on the assumption that there is involved an inquiry as to advocacy of the overthrow of the Federal Government, which is dealt with by the Smith Act (U. S. Code, tit. 18, § 2385). The Grand Jury is investigating riots which occurred in the City of New York in August, 1964. The Smith Act does not preclude State investigations and prosecutions relating to acts of violence as distinguished from advocacy. (*Pennsylvania* v. *Nelson,* 350 U. S. 497, 500.) Petitioner would have this court assume that the Grand Jury is investigating the Progressive Labor Movement, a left-wing Communist group. There is no basis for said contention. The record clearly discloses that the investigation concerned itself with the Harlem riots of August, 1964.

The petition should be dismissed and the petitioner remanded to the custody of the Sheriff of the City of New York to be held under the mandate herein dated February 23, 1965, with costs and disbursements to respondents.

RABIN, J. P., VALENTE, STEVENS and WITMER, JJ., concur.

Petition dismissed, with $30 costs and disbursements to the respondents and the petitioner remanded to the custody of the Sheriff of the City of New York to be held under the mandate herein dated February 23, 1965.